UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN GALLADAY,

                           Petitioner,

           - against -

WARDEN, MRS. CARTER, NYC DEPT. OF
CORRECTION,

                         Respondent.

**ORDER TO AMEND**

23 Civ. 823 (ER)

Ramos, D.J.:

Petitioner, who is appearing *pro se* and currently detained in the Anna M. Kross Center,
brings this Petition for Writ of Habeas Corpus Pursuant to CPLR § 7000, captioned for the Supreme
Court of the State of New York, County of New York, challenging his custody pursuant to his
pending criminal case in that court under docket number CR-022514-21 NY.  Petitioner paid the
$5.00 filing fee to bring this action, and the Clerk of Court opened the submission as a petition for a
writ of *habeas corpus* under 28 U.S.C. § 2241.  For the reasons set forth below, the Court grants
Petitioner leave to file an amended petition within thirty days of the date of this order.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody
challenging the legality of his detention on the ground that "[h]e is in custody in violation of the
Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Court has the
authority to review the petition and "award the writ or issue an order directing the respondent to
show cause why the writ should not be granted, unless it appears from the application that the
applicant or person detained is not entitled [to such relief]."  28 U.S.C. § 2243.  The Court is
obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest
arguments they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.
2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83

(2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law."  *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this action challenging the validity of his custody.  He asserts the following grounds for relief:  (1) he was not read his *Miranda* rights when he was arrested; (2) his due process rights are being violated; (3) his arraignment was unlawfully delayed; (4) he was not afforded the right to appear before the Grand Jury; and (5) he has not had the opportunity to view the discovery pertaining to his case.  Doc. 1 at 5.  Petitioner also asserts that his attorney did not file any motions on his behalf, prompting Petitioner to file a *pro se* motion in his pending criminal case over three months ago, which the judge has not yet decided.  *Id.*  He brings this action seeking to have his concerns investigated.

According to public records of the New York State Unified Court System, Petitioner was arrested on September 23, 2021 and charged with one count of robbery in the first degree, two counts of robbery in the second degree, and one count of grand larceny in the third degree, *People v. Galladay*, 02272-2021. *See* https://iapps.courts.state.ny.us/webcrim_attorney /DefendantSearch (last visited February 1, 2023).  Petitioner's next court date is scheduled for March 6, 2023.

## DISCUSSION

**A.      Relief Under § 2241 and Exhaustion of Administrative Remedies**

Petitioner brings this petition for a writ of *habeas corpus* challenging the validity of his pretrial detention, but without specifying the statutory basis.  A state pretrial detainee may be able to challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28

U.S.C. § 2241.[1]  *See Robinson v. Sposato*, No. 11 Civ. 0191, 2012 WL 1965631, at *2 (E.D.N.Y.

May 29, 2012*); see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011)*, aff'd on other*

*grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11 Civ. 6082 (JFK), 2011 WL

4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F.

App'x 83 (2d Cir. 2012) (summary order).

Here, Petitioner does not plead facts showing that he has fully exhausted his state-court

remedies. Because Petitioner captions this submission for the New York State Supreme Court, New

York County, this submission may be Petitioner's attempt to exhaust his state-court remedies in the

wrong court.

Because Petitioner challenges his pretrial custody, the Court construes this matter as a

petition under § 2241.  When a district court treats an application filed under some other provision

as a § 2241 petition, however, it must notify the *pro se* petitioner that it intends to recharacterize the

pleading and provide the litigant an opportunity to decline the conversion or withdraw the petition.

*Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).  If Petitioner does not want to pursue

relief under § 2241, he must notify the Court in writing within thirty days that he wishes to

withdraw the petition.

If Petitioner wishes to proceed with a § 2241 petition, he must file an amended § 2241

petition in order to:  (1) identify all of the grounds on which he seeks relief; and (2) plead facts

showing that he has fully exhausted his claims by presenting the grounds for relief to the state

courts.  If Petitioner fails to respond and does not file an amended § 2241 petition, the Court will

dismiss this petition without prejudice.

---

[1] A petition for a writ of *habeas corpus* under § 2254 is an application available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1).  Because Petitioner challenges his pretrial detention on pending criminal charges, he does not challenge his custody pursuant to a state court judgment, and thus, his submission cannot be construed as a petition under § 2254.

Before seeking *habeas corpus* relief under § 2241, a state pretrial detainee must first exhaust available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq*.

**B.      Ongoing Criminal Proceedings**

To the extent that Petitioner seeks relief that would require the Court to intervene in his pending state-court proceedings, the Court must deny Petitioner's request. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973)). Federal courts generally abstain from intervening in state criminal proceedings "'under the principle known as comity [because] a federal district court has no power to intervene in the internal procedures of the state courts.'" *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting *Wallace v. Kern*, 481 F.2d 621, 622 (2d Cir. 1973)).

Petitioner, who has been detained since his September 23, 2021, arrest, does not allege any facts suggesting bad faith, harassment, or irreparable injury. Rather, he simply disagrees with the trial court's decisions in his criminal proceedings. The Court therefore finds no proper basis for intervention in Petitioner's ongoing criminal proceedings.

## CONCLUSION

The Court construes Petitioner's application as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.  If Petitioner does not want to pursue relief under § 2241, he may notify the Court in writing within thirty days that he wishes to withdraw the petition.

If Petitioner wishes to proceed with a § 2241 petition, he must file an amended § 2241 petition that:  (1) identifies the grounds on which he seeks relief; and (2) pleads facts showing that he has fully exhausted his claims by presenting the grounds for relief to the state courts. The amended petition for a writ of *habeas corpus* under § 2241 must be submitted to the Court's Pro Se Intake unit within thirty days and bear the docket number 23 Civ. 0823 (ER).  For Petitioner's convenience, an amended petition form is attached to this order. If Petitioner fails to respond and does not file an amended § 2241 petition, the Court will dismiss this petition without prejudice.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 2, 2023
         New York, New York

EDGARDO RAMOS
United States District Judge

5